IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KETRA JOHNSON                                              PLAINTIFFS
and CAROLYN HARRIS

VS.                                        CIVIL ACTION NO. 14-496

RELIANCE STANDARD LIFE INSURANCE COMPANY,
COVENANT DOVE, LLC,
and JOHN DOES 1-3                                          DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   COVENANT DOVE, LLC
      C/O: Corporation Service Company, Registered Agent
      506 South President Street
      Jackson, Mississippi 39201-5301

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Shunda L. Baldwin, the attorney for the Plaintiff, whose post office address is Baldwin & Baldwin, PLLC, P.O. Box 3199, Jackson, Mississippi 39207, and whose street address is 748 North President Street, Jackson, Mississippi. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this ___ day of July, 2014.

BARBARA DUNN, CIRCUIT CLERK
Hinds County, Mississippi

By: _____

ATTEST A TRUE COPY
AUG 8 2014
BARBARA DUNN, CIRCUIT CLERK
BY _____ D.C.

EXHIBIT
A

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

KETRA JOHNSON                                                                    PLAINTIFFS
and CAROLYN HARRIS

VS.                                              CIVIL ACTION NO. 14-496

RELIANCE STANDARD LIFE INSURANCE COMPANY,
COVENANT DOVE, LLC,
and JOHN DOES 1-3                                          DEFENDANTS

## COMPLAINT
(Jury Trial Requested)

Ketra Johnson ("Johnson") and Carolyn Harris ("Ms. Harris") files this Complaint against Reliance Standard Life Insurance Company (hereinafter "Reliance Standard"), Covenant Dove, LLC (hereinafter "Covenant Dove"), John Does 1-3. In support of same, the Plaintiffs state as follows:

### PARTIES

1.

Mr. Johnson is an adult resident citizen of the First Judicial District of Hinds County, Mississippi. His address is 860 Cherry Stone Circle, Clinton, Mississippi 39056. Ms. Harris is an adult resident citizen of Claiborne County, Mississippi and she resides at 13057 Highway 18, Hermanville, Mississippi 39086.

2.

Reliance Standard is a foreign company in good standing and doing business in the State of Mississippi. Reliance Standard may be served with process through its registered agent, CT Corporation System of Mississippi, located at 645 Lakeland East Drive, Suite101, Flowood, Mississippi 39232.

3.

Covenant Dove is a Delaware company in good standing and doing business in the State of Mississippi. Covenant Dove may be served with process through its registered agent, Corporation Service Company, located at 506 South President Street, Jackson, Mississippi 39201-5301.

4.

John Does 1-3 are employees, agents and/or subsidiaries of Reliance Standard and Covenant Dove. The Plaintiff does not know the name of these employees, agents and/or subsidiaries at this time.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action pursuant to Miss. Code Ann § 9-7-81 and Article 6 § 172 of the Mississippi Constitution.

6.

Venue in this Court is proper pursuant to Miss. Code Ann. §§ 11-9-3 and 11-11-7 as the conduct occurred in whole or in part in Hinds County and the Plaintiff resides in Hinds County.

## FACTUAL ALLEGATIONS

7.

On or around May 8, 2012, Twanda Harris applied for term life insurance in the amount of $200,000.00 through her employer, Covenant Dove. Reliance Standard approved the insurance and subsequently issued policy no. VGTL 182193 with coverage effective August 1, 2012 (hereinafter "the Policy").

8.

Twanda Harris timely made her premium payments as those payments were automatically deducted from her payroll by the Reliance Standard and Covenant Dove. Twanda Harris continued making the requisite premium payments for the entire period of time pertinent to this cause of action. Thereafter, Reliance Standard and Covenant Dove forwarded various correspondence to Twanda Harris confirming said coverage amount.

9.

As late as July 18, 2013, Defendants issued an Employee Benefit Confirmation Statement regarding Twanda Harris's benefits including her term life insurance. *A copy of the Employee Benefit Statement is attached as Exhibit "A"*. The statement acknowledged and confirmed that Twanda Harris had $200.000 in term life coverage.

10.

On July 24, 2013, Twanda Harris died.

11.

On or around August 2013, Chad Blackard, the Administrator for Covenant Dove, completed a Proof of Loss Claim Statement concerning Twanda Harris's life insurance coverage. Mr. Blackard asserted that the life benefit amount claimed was $200,000.00. Mr. Blackard submitted the statement to Reliance Standard for payment of the life insurance proceeds to Twanda Harris's beneficiaries, Ketra Johnson and Carolyn Harris.

12.

On September 19, 2013, Reliance Standard denied the Plaintiffs claim and refused to tender the $200,000.00 insurance proceeds to them. Reliance Standard asserted that the Plaintiffs are only entitled to $10,000.00.

13.

Instead and contrary to the Plaintiffs' desires, Reliance Standard contacted Westhaven Memorial Funeral Home, the company that handled Twanda Harris's funeral services, and sent the bulk of the $10,000.00 to the funeral home to apply towards Twanda Harris's funeral services. Thereafter, Reliance Standard sent the Plaintiffs a check in the amount of $109.13 each, which purportedly represented their portion of the insurance proceeds less the amount paid to the funeral home.

14.

On November 13, 2013, Plaintiffs sent correspondence to Reliance Standard advising of their intent to seek legal recourse for their bad faith refusal to honor the term life insurance coverage that it approved and agreed to provide concerning Twanda Harris. On November 18, 2013, Plaintiffs appealed to Reliance Standard for the death benefits, but Reliance Standard continues to refuse to pay the funds.

## COUNT I: BREACH OF CONTRACT

15.

Plaintiffs re-allege and incorporate paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.

Twanda Harris fully performed all obligations under the Policy.

17.

Reliance Standard and Covenant Dove breached the Policy by refusing to pay the Plaintiffs who are the beneficiaries of Twanda Harris all sums due and owing under the Policy by denying her claim and asserting that she only had $10,000.00 in coverage at the time of her death. Defendants deny the claim although Twanda Harris submitted the premiums that Reliance Standard and Covenant Dove instructed and required her to pay.

18.

As a direct and proximate result of the Defendants' breach, the Plaintiffs have sustained substantial damages including attorney's fees and costs.

## COUNT II: BAD FAITH

19.

Plaintiffs re-allege and incorporate paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.

Defendants' denial of their obligation to pay the life insurance proceeds in accordance with the Policy is made in bad faith. Defendants' assertion that there was only $10,000.00 in coverage is also in bad faith. The Defendants' position lacks any arguable or legitimate basis to deny the claim especially in light of the various representations made to Twanda Harris.

21.

The Defendants' denial is willful or malicious and the Defendants have acted with gross and reckless disregard for the rights of the Plaintiffs.

## COUNT III: NEGLIGENCE

22.

Plaintiffs re-allege and incorporate paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.

Because the Policy was an agreement and because Twanda Harris submitted the requisite premiums as instructed by Reliance Standard and Covenant Dove, the Defendants had a duty to immediately notify her of any issues with her coverage.

24.

This duty was heightened by the fact that the Defendants accepted premiums necessary for $200,000.00 in coverage until her death. The duty was further heightened by the representation made to Twanda Harris by Reliance Standard and Covenant Dove in the Employee Benefit Confirmation Statement dated July 18, 2013, which was nearly one (1) year after her Policy became effective and only six (6) days prior to her death.

25.

The Defendants breached that duty by failing to immediately notify Twanda Harris of any issues with the coverage that she had already paid for.

26.

Defendants' negligent actions caused the resulting damages, all of which occurred without fault or negligence on the part of Twanda Harris.

27.

As a proximate and/or direct result of the negligence of the Defendants, Plaintiffs have sustained damages in at least the amount of $250,000.00 plus pre-judgment and post-judgment interest at the maximum legal rates, attorney's fees, and costs.

## COUNT IV: FRAUDULENT/NEGLIGENT MISREPRESENTATION

28.

Plaintiffs re-allege and incorporate paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.

On or around July 18, 2013---only six (6) days before her death---Twanda Harris received her Employee Benefit Confirmation Statement, which evidenced that she requested and was approved for $200,000.00 in term life coverage. This representation led Twanda Harris to believe that there were no issues with her Policy or her $200,000.00 in coverage.

30.

Because of the representations made by Reliance Standard and Covenant Dove, Twanda Harris submitted the requisite premiums to Reliance Standard for the approved coverage of $200,000.00. The successful transmission of these premium payments further led Twanda Harris to believe that there were no issues with her Policy or her $200,000.00 in coverage.

31.

On or around August 2013—only a few days after Twanda's death, the Administrator for Covenant Dove completed and submitted a Proof of Loss Claim Statement to Reliance Standard requesting the $200,000.00 be paid to the Plaintiffs. This representation led the Plaintiffs to believe that there were no issues with the Policy or the coverage amount.

32.

When Twanda Harris submitted the premium payments through Covenant Dove, neither entity informed her or even indicated that there was any issue with her Policy or $200,000.00 coverage. Indeed, Covenant Dove acknowledged that Twanda Harris had $200,000.00 in coverage when it completed the Proof of Loss Claim Statement requesting that amount to be paid to the Plaintiffs. Reliance Standard's failure to promptly notify Twanda Harris of any alleged issues with her coverage amount coupled with its collection of her premiums for nearly one (1) year amounted to a representation that there were no issues with the Policy or the coverage amount.

33.

Because of the aforementioned representations and because of Reliance Standard and Covenant Dove's previous course of conduct, Twanda Harris reasonably believed that she had $200,000.00 in term life coverage. Had these representations not been made, Twanda Harris would have immediately purchased alternate life insurance coverage from another source.

34.

As a proximate and/or direct result of the fraudulent/negligent conduct of the Defendants, Plaintiffs have sustained damages in at least the amount of $200,000.00 plus pre-judgment and post-judgment interest at the maximum legal rates, attorney's fees, and costs.

## COUNT V: FRAUD

35.

Plaintiffs re-allege and incorporate paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.

Because the Defendants told Twanda Harris the premium amount that she needed to pay to secure the $200,000.00 in coverage, collected that amount for nearly one (1) year before her death, and now refuse to tender the $200,000.00 to her beneficiaries, their conduct constitutes blatant fraud.

37.

As a proximate and/or direct result of the Defendants' fraud, Plaintiffs have sustained damages in at least the amount of $200,000.00 plus pre-judgment and post-judgment interest at the maximum legal rates, attorney's fees, and costs.

## COUNT VI: BREACH OF FIDUCIARY DUTY

38.

Plaintiffs re-allege and incorporate paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.

Twanda Harris had been employed with Covenant Dove since August 23, 2010. Reliance Standard offered this insurance option to Twanda Harris because of her employment with Covenant Dove. Covenant Dove was automatically deducting the premium payments from Twanda Harris's income as instructed by Reliance Standard and said amounts were paid to Reliance Standard for the $200,000.00 in coverage. Consequently, both Defendants owed Twanda Harris a duty to promptly notify her of any issues with her Policy or coverage amount.

40.

Both Defendants failed to notify Twanda Harris of any coverage alleged issues and both likewise failed to take any steps to otherwise remedy any alleged issues. Further, Reliance Standard failed to return premiums.

41.

As a proximate and/or direct result of the Defendants' fraud, Plaintiffs have sustained damages in at least the amount of $200,000.00 plus pre-judgment and post-judgment interest at the maximum legal rates, attorney's fees, and costs.

## COUNT VII: PUNITIVE DAMAGES

42.

Plaintiffs re-allege and incorporate paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.

The actions of all Defendants were so extreme and outrageous so as to require the imposition of punitive damages against them. The outrage is heightened by the fact that the Plaintiffs were forced to deal with this issue shortly after losing their loved one.

44.

Such an award of punitive damages should be of an amount sufficient to deter similar wrongdoing by other life insurance companies in the future.

### PRAYER FOR RELIEF

WHEREFORE, Ketra Johnson and Carolyn Harris pray for a judgment of compensatory and punitive damages against Reliance Standard Life Insurance Company, Covenant Dove, LLC, and John Does 1-3, jointly and severally, in an amount deemed fair and just by a jury of their peers. Ketra Johnson and Carolyn Harris further pray for whatever other relief, be it legal or equitable, that this honorable court deems appropriate.

RESPECTFULLY SUBMITTED, this the 30th day of July, 2014.

**KETRA JOHNSON and CAROLYN HARRIS**

By: *Shunda Baldwin*
*One of Their Attorneys*

OF COUNSEL:

TONEY A. BALDWIN, MSB #102161
SHUNDA L. BALDWIN, MSB #101535
BALDWIN & BALDWIN, PLLC
748 North President Street (39202)
Post Office Box 3199
Jackson, Mississippi 39207
Telephone: (601) 960-4533
Facsimile: (601) 960-9097
Email: baldwinlaw@ymail.com

STATE OF MISSISSIPPI
COUNTY OF HINDS

    PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named KETRA JOHNSON, who after being by me first duly sworn on hisoath stated that the facts set out in the above and foregoing pleading are true and correct as therein stated.

                                              _____
                                                              KETRA JOHNSON

SWORN TO AND SUBSCRIBED BEFORE ME, this the 25th day of July, 2014.

                                              _____
                                                               NOTARY PUBLIC

MY COMMISSION EXPIRES:

6/17/2017

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 46687 SUSIE E. ROBINSON Commission Expires June 17, 2017 HINDS COUNTY]

-12-

STATE OF MISSISSIPPI
COUNTY OF CLAIBORNE

    PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the jurisdiction aforesaid, the within named CAROLYN HARRIS, who after being by me first duly sworn on her oath stated that the facts set out in the above and foregoing pleading are true and correct as therein stated.

*Carolyn Harris*
CAROLYN HARRIS

SWORN TO AND SUBSCRIBED BEFORE ME, this the 28th day of July, 2014.

*Susie E. Robinson*
NOTARY PUBLIC

MY COMMISSION EXPIRES

06/17/2017

Case: 25CI1:14-cv-00496-TTG   Document #: 2   Filed: 07/31/2014   Page 14 of 14

**Covenant Dove**
2723 Summer Oaks Drive
Memphis, TN 38134

# Your Employee Benefits

Please keep a copy of this benefit confirmation statement for your records. Remember, if you have questions, please contact the Employee Benefits Hotline at (888) 401-3374.

Twanda Harris
860 Cherry Stone Cr
Clinton, MS 39056

07/18/2013

| Benefits | Elections | | Employee Cost | Employer Cost |
|---|---|---|---|---|
| Medical and Prescription Plan: | (Waive) | | $ 0.00 | $ 0.00 |
| Dental Benefits: | Dental Plan (Employee Only) 8/1/13 | | $ 8.67 | $ 0.00 |
| Vision Benefits: | Vision (Employee Only) 8/1/13 | | $ 3.40 | $ 0.00 |
| | Benefits Sub-Total Per Pay Cycle: | | $ 12.07 | $ 0.00 |
| **Life & Disability** | **Approved** | **Requested** | Employee Cost | Employer Cost |
| Critical Illness and Cancer: | | (Waive) | $ 0.00 | $ 0.00 |
| Spouse Critical Illness: | | (Waive) | $ 0.00 | $ 0.00 |
| Employee Term Life and AD&D: | $ 200,000.00 | $ 200,000.00 | $ 13.00 | $ 0.00 |
| Spouse Term Life: | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Child Term Life: | | (Waive) | $ 0.00 | $ 0.00 |
| | Life & Disability Sub-Total Per Pay Cycle: | | $ 13.00 | $ 0.00 |
| **Other Benefits** | **Elections** | | Employee Cost | Employer Cost |
| Voluntary Accident: | (Waive) | | $ 0.00 | $ 0.00 |
| Voluntary Short Term Disability: | (Waive) | | $ 0.00 | $ 0.00 |
| Voluntary Long Term Disability: | (Waive) | | $ 0.00 | $ 0.00 |
| | Other Benefits Sub-Total Per Pay Cycle: | | $ 0.00 | $ 0.00 |
| | **Total Benefits Cost Per Pay Cycle:** | | **$ 25.07** | **$ 0.00** |



EXHIBIT A